

**COPY**

# IN THE CHANCERY COURT FOR DICKSON COUNTY, TENNESSEE
## AT CHARLOTTE

| | |
|---|---|
| NATALIE COLINDA GRIMES,<br>Plaintiff | )<br>)<br>) |
| v. | )<br>)<br>) |
| SHILOH INDUSTRIES, INC.<br>d/b/a SHILOH INDUSTRIES, INC.<br>DICKSON MANUFACTURING DIVISION,<br>Defendant.<br>1 Shiloh Drive<br>Dickson, TN<br>37055 | )  Docket Number: 2015-CV-347<br>)<br>)<br>)<br>)  FILED 9-28 20 15<br>)  10:03 A M<br>)  NANCY MILLER, C & M |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are summoned to appear and defend a civil action filed against you in the Chancery Court, Dickson County, Tennessee, and your defense must be made thirty (30) days from the date of this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in this complaint.

ISSUED: 9-28, 2015.

TESTE: _____, 2015.   By _Lynn Collins_
                                Deputy Clerk

Attorney for Plaintiff:  Kelly Jackson Smith    Phone: (615) 441-0077
                         98 Church Street, Suite 1
                         Dickson, TN 37055

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 20____,
I served this summons together with a copy of the Petition herein as follows:

_____

_____

_____

_____
Signature of Authorized Officer

Ex. A

# IN THE CHANCERY COURT FOR DICKSON COUNTY, TENNESSEE
## AT CHARLOTTE

NATALIE COLINDA GRIMES, )
Plaintiff )
)
v. ) Docket Number: 2015-CV-347
)
SHILOH INDUSTRIES, INC. )
d/b/a SHILOH INDUSTRIES, INC. ) FILED 9-28 2015
DICKSON MANUFACTURING DIVISION, ) 10:03 A M
Defendant. ) NANCY MILLER, C & M

## COMPLAINT

COMES NOW the Plaintiff, Natalie Colinda Grimes, by and through her attorney, Kelly Jackson Smith, and would show unto the Court the following:

1. The Plaintiff is and at all times mentioned herein was a citizen and resident of Dickson County, Tennessee.

2. The Defendant, Shiloh Industries, Inc., is and at all times mentioned herein was an automotive parts manufacturer with one of its plants located in Dickson County, Tennessee. Process with regard to the Defendant, Shiloh Industries, Inc., may be served on its authorized agent at its address at 1 Shiloh Drive, Dickson, Tennessee 37055.

3. That this is a proceeding for the enforcement and protection of human rights under the laws of the State of Tennessee, and more particularly for the enforcement of the laws and protection of individuals as otherwise required by Section 4-21-101, et seq. of the Tennessee Code Annotated known as the "Tennessee Human Rights Act," and the common law for the State of Tennessee.

4. That this is a proceeding for the enforcement and protection of human rights under the laws of the United States of America, and more particularly for the enforcement of the laws and protection of individuals as otherwise required by Title VII of the Civil Rights Act of 1964 and the laws and Constitution of the United States of America.

5. This cause of action is also being brought against the Defendant for breach of an expressed and/or implied contract of employment. It is also being brought as a claim for age discrimination, gender discrimination and racial discrimination.

6. This cause of action is also being brought against the Defendant for conduct as alleged constitutes hostile and abusive working environment in violation of the Tennessee Human Rights Act, Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.

7. That Plaintiff, Natalie Colinda Grimes, at all times mentioned herein, was a fifty (50) year old, African American female employee of the Defendant, Shiloh Industries, Inc. The Plaintiff had been employed by the Defendant, Shiloh Industries, Inc., most recently as a quality auditor, beginning in 1996 until she was suspended and then terminated on or about June 25, 2014 by Defendant.

8. Plaintiff would show unto the Court that Plaintiff, Natalie Colinda Grimes was wrongfully and tortiously terminated by Defendant, Shiloh Industries, Inc., after more than eighteen (18) years of employment in a manner that was discriminatory, contrary to the law and contrary to the Defendant's claim that they are an "equal opportunity employer."

9. That Plaintiff's actions and statements were mischaracterized in a manner that was derogatory to her race, age and gender in an effort to justify this wrongful and discriminatory termination.

10. That Plaintiff's actions, which were cited as Defendant's basis for termination, were both clearly covered by Defendant's outlined exceptions to their own policy and also regularly replicated by other employees that Defendant did not cite, suspend or terminate. Meaning that the stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

11. That by the free and open admission of one of Defendant's other employees, Plaintiff – a fifty (50) year old, African American woman with nearly twenty (20) years of experience – was singled out for termination so as to make "an example."

12. In the instant case, the Plaintiff, Natalie Colinda Grimes, would show unto the Court that the Plaintiff was dismissed from her position as a quality auditor without any valid charges of improper conduct being given.

13. That the Plaintiff had an expressed and/or implied contract of employment with the Defendant, Shiloh Industries, Inc., that included the right not to be terminated from her employment without good cause and the right not to be terminated from her employment without adequate notice of an opportunity to be heard, and the right to be dealt with fairly and in good faith by her employer and the Defendant, Shiloh Industries, Inc. Despite these facts, the Plaintiff was wrongfully terminated from her employment and discriminated against by the Defendants, Shiloh Industries, Inc., because of her age, gender and race.

14. That the Defendant terminated the Plaintiff from her employment at a time when the Plaintiff's ability to obtain new employment would otherwise be diminished because of her age and race.

15. That the acts and/or omissions complained of herein were committed in such a way as to constitute grave unfairness in the discharge of the Defendant's ethical and legal responsibilities to the Plaintiff. That the Plaintiff had certain contractual, statutory, vested rights, and the acts and/or omissions complained of herein constituted such conduct that was arbitrary and capricious.

16. The Plaintiff contends that she had an expressed and/or implied contract of employment with the Defendant, Shiloh Industries, Inc., and maintained a right not to have her employment terminated without good cause based upon the totality of the circumstances of her employment.

17. The Plaintiff would show unto the Court that the Defendant, Shiloh Industries, Inc., through its agents, servants, and employees, have violated the following, which are incorporated fully herein by reference and will be read in their entirety at the trial of this cause, to wit:

    Tennessee Constitution, Tennessee Code Annotated § 4-21-401 ("Tennessee Human Rights Act"), Constitution of the United States of America, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. and 42 U.S.C. § 1981a, and Age Discrimination in Employment Act of 1967 codified at 29 U.S.C. § 621 through 29 U.S.C. § 634 ("ADEA").

18. That the violation of the above-described statutes and the acts of the Defendants, through their agents, servants, and employees, were a direct and proximate cause of various damages sustained by the Plaintiff. That the Plaintiff, Natalie Colinda Grimes, has been denied employment, has sustained damages including but not limited to a loss of earnings, a loss of future earnings, employment benefits including health insurance and retirement benefits, as well as life insurance, and personal injuries including humiliation and embarrassment caused by the Defendants' discriminatory and unlawful practices. The Plaintiff has also incurred certain costs and expenses incidental to the filing of this cause of action, including attorney fees.

WHEREFORE, the Plaintiff prays:

I. That proper process issue and be served upon the Defendant, and that the Defendant be required to answer this Complaint within the time required by law, but not under oath, their oaths being waived;
II. That this Court declare that the conduct engaged in by the Defendant was a violation of the Plaintiff's human and civil rights;
III. That the Plaintiff be restored to her employment as a quality auditor with the
IV. Defendant, Shiloh Industries, Inc. Alternatively, in the event it is impractical to restore the Plaintiff to her employment, that the Plaintiff be awarded back pay, salary, and front pay and fringe benefits to which she is otherwise entitled;
V. That the Plaintiff be awarded such compensatory damages as the Court deems proper under the law and evidence not to exceed three hundred thousand dollars ($300,000.00USD);
VI. That the Plaintiff be awarded as a part of this judgment a sum equal to the aggregate amount of the costs and expenses determined by the Court to have been reasonably incurred by the Plaintiff in the prosecution of this action, including but not limited to attorney fees, costs, and such other damages as the Court considers necessary and proper under the law and evidence;
VII. That a jury determine the issues in this cause; and

VIII. That the Plaintiff be granted such further and general relief to which he may be entitled under the law and evidence.

Respectfully Submitted:

*[signature]*

KELLY JACKSON SMITH
BPR# 025943
Attorney for Plaintiff
98 Church Street, Suite 1
Dickson, TN 37055
P (615) 441-0077
F (615) 441-0071

STATE OF TENNESSEE )
COUNTY OF DICKSON )

NATALIE COLINDA GRIMES, being first duly sworn according to law, makes oath that she has read or has had read to her the foregoing Complaint for Divorce and that the facts set forth therein are true to the best of her knowledge, information and belief, and that her Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth and for the causes mentioned therein.

This the __28__ day of __Day of September__, 2015.

*[signature: Natalie Colinda Grimes]*
NATALIE COLINDA GRIMES
Plaintiff

### COST BOND

We acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with T.C.A. Section 20-12-120.

*[signature: Natalie Colinda Grimes]*
NATALIE COLINDA GRIMES
Plaintiff/Surety

*[signature]*
KELLY JACKSON SMITH

Attorney for Plaintiff/Surety

STATE OF TENNESSEE )
COUNTY OF DICKSON )

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, the within named Plaintiff, **NATALIE COLINDA GRIMES**, with whom I have become acquainted, and who acknowledges that she executed the within instrument for the purpose herein contained.

Witness my hand and seal this 28th day of September, 2015.

_Bonnie Parks_
NOTARY PUBLIC        MY COMMISSION EXPIRES: 4/23/10

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Complaint has been forwarded via USPS Certified Mail to Defendant's Registered Agent at C.T. Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710.

_____<br>KELLY JACKSON SMITH